05 CV 7215

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————X

RAQUEL'S COLLECTION, INC.

        Plaintiff,                              COMPLAINT
                                                      JURY DEMAND

    -against-

KOENIG COLLECTION, INC.,
and ALVA TRADING, INC., LUIS KOENIG,
a/k/a LUIS FIGUROA KOENIG a/k/a LUIS ALVA,

        Defendants.
——————————————————————X

Plaintiff by its attorneys, Stephen E. Feldman, P.C., as and for its Complaint against Defendants Luis Koenig, a/k/a Luis Figueroa, a/k/a Luis Alva, Koenig Collection, Inc. and Alva Trading, Inc. (hereinafter jointly and severally referred to as "Defendants") alleges as follows upon knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

## PARTIES

1. Plaintiff is a New York corporation with its principal place of business at 57 Denton Avenue, Garden City Park, New York 11040.

2. Upon information and belief, Koenig Collection, Inc. is a New York corporation with its principal place of business at 74-04 Grand Avenue, Elmhurst, New York 11373, and having a location at 7790 S.W. 102nd Lane, Miami, Fl 33156.

3. Upon information and belief, Defendant Alva Trading, Inc. is a New York corporation with its principal places of business at 74-04 Grand Avenue, Elmhurst, New York 11373.

4. Upon information and belief, Defendant Luis Koenig a/k/a Luis Figeroa a/k/a Luis Alva. Is an individual who is the principal of Koenig Collection, Inc., and Alva Trading, Inc., and has a business address of 74-04 Grand Avenue, Elmhurst, New York 11373

## JURISDICTION AND VENUE

5. This is an action for copyright infringement under 17 USC Sec 101 et. seq., and unfair competition under the Trademark Act of 1946 as amended (the Lanham Act, 15 U.S.C. Sec. 1051 et seq.), and the statutes and common law of the State of New York.

6. This Court has subject matter jurisdiction under 28 U.S.C. §1338(a) and (b), and under 28 U.S.C. §1367, and under the principles of ancillary and pendent jurisdiction.

7. This Court is proper venue pursuant to 28 U.S.C. Sec. 1391 because upon information and belief, Defendants are doing and transacting business in this Judicial District; have substantial contacts with this Judicial District; and Defendants have committed the tortuous acts complained of herein in this Judicial District.

## GENERAL ALLEGATIONS

8. Plaintiff is engaged in the manufacture, promotion, distribution and sale of furniture, having fine works of art thereon. Plaintiff provides the artwork to employed artisans in Peru, who closely follow Plaintiff's precise instructions and supervision to assemble the furniture with the artwork on it. Plaintiff has many years of experience in this industry, and is an industry leader in the manufacture of this art furniture

9. Plaintiff's designs are all original works of authorship, and each design comprises copyrightable subject matter under 17 U.S.C. Sec. 102 et seq

10 Plaintiff has duly requested and applied for copyright registration of its designs. Plaintiff's copyright applications, with relevant deposits are attached hereto as Exhibit "A" However, Plaintiff needs no copyright registration to institute suit.

11 As a result of Plaintiff's continuous and systematic use of the its unique furniture designs in commerce, and the commercial success of the goods sold using the designs, Plaintiff has achieved substantial goodwill. The consuming public has come to favorably know, recognize and identify furniture bearing Plaintiff's unique designs as the products and services of Plaintiff.

12. As Plaintiff has used this distinctive design continuously, systematically, and successfully in commerce, it has come to be recognized in the furniture industry, and its purchasers as coming from a single source - Plaintiff. Consequently Plaintiff has Trade Dress rights in the distinctive design of its art furniture.

13. Defendants are direct competitors of Plaintiff, and have the exact same products and artwork made in Peru and marketed and sold them in the United States.

14. In 2005, Plaintiff learned that Defendants have been preparing to and selling designs copied from Plaintiff's well known designs to the same market as Plaintiff. Defendants have engaged workers in Peru to make and paint such furniture, and upon information and belief, failed to pay the workers. Attached hereto as Exhibit "B: are photographs of Defendants' infringing furniture designs.

15 Defendants have used photographs of Plaintiff's furniture designs and Plaintiff's actual furniture to sell Defendant's copied designs (attached hereto as Exhibit "B" are photographs of Plaintiff's furniture designs used by Defendants on their website).

16. Upon information and belief, Defendants have begun selling the furniture to the same consumers in the same channels of trade as Plaintiff.

17. Customers that would have purchased Plaintiff's furniture will be diverted to Defendants.

18. On July 29, 2005, Plaintiff, by way of letter, notified Defendants that their use of Plaintiff's designs to sell competing products infringes Plaintiff's rights, and demanded, among other things, that Defendants cease and desist from infringing Plaintiff's designs (Exhibit "C")

19. Plaintiff received no reply.

## FIRST CLAIM FOR RELIEF
### Copyright Infringement

20. Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs 1 through 19, inclusive, of this Complaint, with the same force and effect as if fully set forth herein.

21. Plaintiff's designs are original works of authorship, of which Plaintiff is the author and owner.

22. Defendants have copied, imported and begun distributing in the United States copies of Plaintiff's art designs, without the consent of Plaintiff.

23. Defendants have also copied Plaintiff's photographs of their art furniture and placed these on their website without the consent of Plaintiff.

24. Defendants' violation of Plaintiff's copyrights in the designs and photographs has caused Plaintiff to sustain money damages, loss, and injury in an amount to be determined at trial.

25. On information and belief, Defendants have engaged in such acts knowingly, and willfully.

26. Defendants acts constitute copyright infringement.

## SECOND CLAIM FOR RELIEF
### Trade Dress Infringement

27. Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs 1 through 26, inclusive, of this Complaint, with the same force and effect as if fully set forth herein.

28. Plaintiff's Trade Dress in its unique furniture designs, including the overall configuration and appearance of the design, is distinctive and widely recognized in the industry, and by consumers as belonging solely to Plaintiff, and indicating Plaintiff as its source.

29. Defendants' copying has resulted in and will result in consumer confusion, and damage the good will in Plaintiff's business.

30. Defendants copying, manufacturing, offering for sale, and selling of Plaintiff's designs constitutes Trade Dress Infringement of Plaintiff's designs.

31. Accordingly, Defendants' activities constitute false designation of origin, and false representation, unfair competition and false advertising in commerce in violation of 15 U.S.C. 1125(a).

## THIRD CLAIM FOR RELIEF
### Violation of New York General Business Law, Section 133

32. Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs 1 through 31, inclusive of this Complaint with the same force and effect as if fully set forth herein.

33. Defendants' unlawful acts set forth above, constitute the assumption, adoption or use, with the intent to deceive or mislead the industry and consumers, as to the identity of Plaintiff's products, in violation of NY GBL §133.

34. Defendants' aforesaid violations of NY GBL §133, have caused Plaintiff to sustain

monetary damage, loss and injury, in an amount to be determined at trial

35. On information and belief, Defendants have engaged in this activity knowingly, and willfully, justifying assessment of punitive damages in an amount to be determined at trial

### FOURTH CLAIM FOR RELIEF
### Violation of New York General Business Law Section 349

36. Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs 1 through 35 inclusive, of this Complaint with the same force and effect as if fully set forth herein.

37. Defendants' acts of which Plaintiff complains herein, constitute deceptive acts or practices in the conduct of business, trade, or commerce, or in the furnishing of services, in the State of New York.

38. Plaintiff has been injured by reason of Defendants' acts.

39. Defendants' aforesaid violation of NY GBL §349 have caused Plaintiff to sustain monetary damage, loss and injury to Plaintiff, in an amount to be determined at trial.

40. On information and belief, Defendants have engaged in this activity knowingly, and willfully, justifying assessment of punitive damages in an amount to be determined at trial.

41. Defendants' aforesaid violations of NY GBL §349, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damage, loss and injury, for which Plaintiff has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
### Violation of Lanham Act Sec. 43

42. Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs 1 through 41 inclusive, of this Complaint with the same force and effect as if fully set forth herein.

43. Defendants used photographs of Plaintiff's art furniture on their website to sell Defendants' own furniture.

44. Defendant's actions constitute false advertising in commerce in violation of 15 USC 1125(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgement as follows:

A. For a preliminary and permanent injunction against Defendants, and their affiliates, officers, agents, servants, employees and attorneys, and those persons acting in concert or participation with them who receive actual notice of the Order by personal service or otherwise;

B. Restraining and enjoining Defendants from using Plaintiff's designs or any reproduction, counterfeit, copy, colorable imitation, or confusingly similar variation of the designs;

C. Restraining and enjoining Defendants from using Plaintiff's Trade Dress connection with any goods or services, any false or deceptive designation, description or representation, whether by words or symbols, which suggest or implies any relationship with Plaintiff, or gives Defendants an unfair competitive advantage in the marketplace, or constitutes false advertising;

D. That Defendants each be enjoined to deliver upon oath, to be impounded during the pendency of this action, and for destruction pursuant to judgment herein, all originals, copies or duplicates of any work

E. Restraining and enjoining Defendants from engaging in any acts of copyright infringement, trade dress infringement, unfair competition or misappropriation, which would damage or injure Plaintiff;

F For an Order requiring Defendants to recall all unsold products of the designs intended

for sale from Defendants' distributors and retailers;

G. For an Order requiring Defendants to provide true records revealing all their customers and sales made under the Infringing Copyrights and Trade Dress;

H. For an award of Defendants' profits or other advantages, and Plaintiff's damages resulting from Defendant's unlawful acts set forth herein, in an amount to be proven at the time of trial, together with legal interest from the date of accrual thereof, or at Plaintiff's option, statutory damages.

I. For an award of multiple damages, in an amount to be proven at the time of trial.

J. For an award of attorney's fees and disbursements incurred by Plaintiff in this action.

K. That Plaintiff be awarded such other and further relief, as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all triable issues.

**WHEREFORE**, Plaintiff prays that this Court grant the relief it seeks, as well as other relief which this Court deems just and appropriate.

Dated: August 12, 2005

STEPHEN E. FELDMAN, P.C.
Attorneys for Plaintiff
By: _____
Kenneth Feldman (KF-6330)
Stephen E. Feldman (SEF-5630)
12 E. 41st St.
New York, NY 10017
Tel: 212.532.8585
Fax: 212.532.8598